UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. IRVING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09CV0008 LMB |
| | ) | |
| LISA JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 182906), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.03. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $10.16, and an average monthly balance of $1.75. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.03, which is 20 percent of plaintiff's average monthly deposit.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Lisa Jones (Constituent Services Officer, SECC), Troy Steele (Superintendent), Cheryl Dowdy (Functional Unit Manager), Greg Walker (Correctional Officer), Charles Mitchell (same), B. Williams (same), Unknown Simone (same), Steve Kay Kendell (same), D. Harvey (same), Unknown Christian (same), Steve Riddell (same), and D. Martinez (Functional Unit Manager). The complaint seeks monetary and injunctive relief.

Plaintiff was incarcerated at SECC at all times relevant to the complaint. Plaintiff alleges that he was involved in a civil trial in the United States District Court

for the Western District of Missouri during August 2008. Plaintiff claims that prison officials at SECC witnessed portions of the trial. Plaintiff says that on August 12, 2008, defendants Dowdy, Mitchell, and Walker, having heard some of plaintiff's trial testimony, told other inmates that plaintiff was a "rat" and a "snitch."

Plaintiff claims that Mitchell stole a pair of his shoes while he was confined to administrative segregation.

Plaintiff states that in November 2008 he informed defendants Steele, Walker, Dowdy, and Jones that his cellmate was threatening him. Plaintiff says that these defendants did not respond to him or grant him protective custody. Plaintiff alleges that his cellmate then assaulted him with a metal "shank," leaving plaintiff with several injuries. Plaintiff claims that his cellmate had assaulted him because he was not a Muslim and because Mitchell had told the cellmate that plaintiff was a snitch. Plaintiff alleges that he still suffers from those injuries.

Plaintiff alleges that defendants Simone and Williams supplied another prisoner with a pencil to stab plaintiff with. Plaintiff further alleges that Simone and Williams offered to help the prisoner get into plaintiff's cell.

Plaintiff says that defendant Martinez has ordered the nursing staff to combine plaintiff's medications and liquify them for plaintiff's ingestion. Plaintiff complains that this concoction burns his throat.

## Discussion

The complaint survives initial review as to defendants Lisa Jones, Troy Steele, Cheryl Dowdy, Greg Walker, Charles Mitchell, B. Williams, Unknown Simone, Steve Kay Kendell, D. Harvey, Unknown Christian, and Steve Riddell. As a result, the Court will order these defendants to respond to the complaint.

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law," and (2) the action is a deprivation of a constitutional or federal statutory right. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Plaintiff's allegations as to defendant Martinez do not rise to the level of a constitutional violation. As a result, the Court will dismiss Martinez from this action.

There is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of personal property where the state provides an adequate postdeprivation remedy. *E.g.*, *Clark v. Kansas City Missouri School Dist.*, 375 F.3d 698, 703 (8th Cir. 2004). Missouri provides the postdeprivation remedy of replevin for recovery of personal property. *Id.*; Mo. R. Civ. P. 99.01-99.15. As a result, plaintiff's claim regarding the theft of his shoes fails to state a claim upon which relief can be granted, and the Court will dismiss this claim from the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.03 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Lisa Jones, Troy Steele, Cheryl Dowdy, Greg Walker, Charles Mitchell, B. Williams, Unknown Simone, Steve Kay Kendell, D. Harvey, Unknown Christian, and Steve Riddell.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Lisa Jones, Troy Steele, Cheryl Dowdy, Greg Walker, Charles Mitchell, B. Williams, Unknown Simone, Steve Kay Kendell, D. Harvey, Unknown Christian, and Steve Riddell shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendant D. Martinez because, as to this defendant, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's claim regarding the theft of his personal property is **DISMISSED**.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 2nd day of February, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE