**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| WILLIAM IRVING, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LISA JONES, et al., ) <br> ) <br> Defendant. ) | Case No. 1:09CV8 SNLJ |

### **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for temporary restraining order and preliminary injunction (# 8), filed on February 25, 2009. The defendants filed a response (#17) on March 16, 2009. Plaintiff filed a reply (# 23) on March 24, 2009.

Plaintiff is an inmate currently confined at Southeast Correctional Center ("SECC"). He has brought this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. His complaint alleges that the defendants, SECC prison officials, are exposing him to inhumane conditions and imminent danger by harassing him and conspiring to harm or kill him. In the current motion, Plaintiff is seeking a special needs transfer to Biggs Forensic Center for psychological treatment and to alleviate the unsafe conditions at SECC.

In his motion, plaintiff raises a number of reasons why this Court should grant a temporary restraining order and preliminary injunction including: that the SECC prison officials are retaliating against him by threatening him and conspiring with other SECC prison officials and inmates to kill or harm him; he need protective custody housing; he is not receiving access to his account to purchase items from the canteen to prepare his lawsuit; he is not getting access to the law library and materials, legal assistance or court access; and he is being exposed to constant

noise, unsanitary conditions and poor hygiene of other inmates.  Plaintiff argues that all these claims require an immediate special needs transfer to Biggs Forensic Center, so that he can receive serious psychological treatment and to prevent the alleged unsafe conditions.

This is not the first civil rights case and motion for preliminary equitable relief that the plaintiff has filed against the Missouri Department of Corrections ("MDOC") claiming that he was in imminent danger due to alleged retaliation and harassment by MDOC officials.  Plaintiff has previously filed two lawsuits in the United States District Court for the Western District of Missouri, where he also raised claims of unsafe conditions and retaliation by prison officials at the Jefferson City Correctional Center.  *See* Cause No. 2:04CV4309 and Cause No. 2:06cv4306.  Similarly, in those cases plaintiff also sought temporary restraining orders and preliminary injunctions claiming imminent harm.

This Court finds that plaintiff has not satisfied the standard required for a temporary restraining order and preliminary injunction.  A preliminary injunction is an extraordinary remedy and the burden of proof is on the moving party to establish the propriety of an injunction.  Watkins Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003) *citing* Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).  The Court balances the following factors in deciding a motion for a preliminary injunction: (1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between this harm and the harm that the relief would cause to the other litigants; and (4) whether the issuance of an injunction is in the public interest.  Id. *citing* Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981).  The elements for granting a temporary restraining order are the same as those considered by the Court in ruling on a motion for a preliminary injunction.  Jackson v. NFL, 802 F.Supp. 226 (D.Minn. 1992).  Further, in weighing these factors no single factor is in itself

dispositive. rather, all of the factors must be considered to determine whether the balance weighs toward granting the injunction. Sanborn Manufacturing Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co., 997 F.2d 484, 486 (8th Cir. 1993).

**A. Threat of Imminent Harm**

Although, no single factor is dispositive, this Court finds the most important and notable factor for this case is that plaintiff has not demonstrated that he is at risk for imminent harm. Plaintiff alleges in his complaint that he was attacked by another inmate and SECC prison officials have either threatened him or provided means by which other inmates can attack him. However, this Court is finds convincing defendants' affidavits stating that they did not threaten plaintiff. Even more convincing to this Court is that, since these incidents, plaintiff was placed in Administrative Segregation Protective Custody on December 4, 2009, and when plaintiff claimed that he was exposed to inhumane conditions, he was moved to a different cell.

Plaintiff alleges in his reply that simply because a grievance was addressed does not mean that it will not become a problem again. Specifically, plaintiff argues that because he is currently in a one man cell does not mean that, at some future date, he will not be moved to a two man cell or that he is safe in his current location. This Court finds that being placed in Administrative Segregation Protective Custody effectively dealt with the safety issues alleged by plaintiff in his complaint and motion. Plaintiff's claim defendants that could move him to a different cell or defendants could allow someone to enter his cell to attack him does not rise to the level of a imminent threat. This Court has before it no evidence that these events are likely to occur. Defendants have already addressed plaintiff's concerns and thus, an order by this Court is not necessary.

**B. Plaintiff's likelihood of success on the merits**

Further addressing the other factors, this Court finds that, it appears from the documents provided by defendants that plaintiff has failed to exhaust his administrative remedies which precludes his § 1983 claim. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e(a), states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 532 (2002).

**1. Merits of imminent danger claim**

Defendants state in their response, and plaintiff does not deny or controvert, plaintiff has failed to exhaust his administrative remedies under PLRA. Missouri has developed a four-step procedure for inmates to internally grieve complaints against MDOC and its staff: informal resolution, grievance, grievance appeal, and second appeal. It appears from the record that the grievances filed by plaintiff were either informally handled or plaintiff failed to pursue a formal grievance or file a grievance appeal so as to exhaust his administrative remedy.

**2. Merits of access to law library claim**

Plaintiff alleges in his motion that he is not being allowed access to canteen purchases to pursue his claim. Additionally, in his reply plaintiff alleges that he is only allowed to check out three books at a time from the law library where other prisons allow five. First, as defendants note in their reply, plaintiff has failed to provide any evidence to support his allegations that SECC officials are preventing him from purchasing supplied from the canteen. Plaintiff has timely

4

and effectively been able to file all necessary documents for this motion and this Court has before it no evidence that plaintiff will be unable to do so in the future.

In addition, the fact that the law library only allows three books rather than five does not require intervention by this Court. Plaintiff is allowed access to the law library and can easily proceed with his case checking out three books at a time.

**C. Balance of harm and Public Interest**

This Court finds no threat of immediate harm to weigh against the harm imposed by issuing a temporary restraining order or a preliminary injunction. Further, this Court finds no public interest that would be furthered by the granting on this motion.

Accordingly,

**IT IS HEREBY ORDERED** that, for the above stated reasons, plaintiff's motion for temporary restraining order and preliminary injunction is **DENIED**.

Dated this  2nd  day of April, 2009.

_____
**UNITED STATES DISTRICT JUDGE**